IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARK VAN DEN HEUVEL,<br><br>                  Plaintiff,<br><br>        v.<br><br>ADAM CLARK,<br><br>                  Defendant. | No.  2:23-CV-0708-KJM-DMC-P<br><br><br>ORDER |

   Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 14.

   The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues appointment of counsel is warranted because he is handicapped, abused, and has encountered issues delivering documents to Defendant Adam C. Clark in this matter. Plaintiff also alleges he faces transportation difficulties as an inmate of El Dorado County Prison Facility as well as burdensome postage rates and language barriers. The documentation attached to Plaintiff's motion, however, indicates that, while Plaintiff has education limited to a High School Diploma, Plaintiff fails to name any barriers presented by this status or a claimed disability. Additionally, Plaintiff has not named specific limitations from a history of abuse that prevent or hinder his self-representation.

As with most inmates pursuing litigation in federal court, logistical tasks represent typical not exceptional circumstances. Further, a review of Plaintiff's filings to date indicate Plaintiff can sufficiently communicate with the Court. Namely, Plaintiff has successfully filed a motion for leave to proceed in forma pauperis on his own. Finally, at this early stage of the proceedings before the Court has screened Plaintiff's first amended complaint, the Court is unable to find that Plaintiff has established a likelihood of success on the merits or that the claims involved are overly complex factually or legally.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, ECF No. 14, is DENIED.

Dated: January 12, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE